So Ordered.

Dated: August 2, 2024



Katherine Maloney Perhach
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>Frederic B. Benishek,<br>            Debtor. | Chapter 7<br>Case No. 23-24120-kmp |
| Kyle D. Uecker,<br>            Plaintiff,<br>v.<br>Frederic B. Benishek,<br>            Defendant. | Adv. No. 23-2142 |

**DECISION AND ORDER DISMISSING ADVERSARY PROCEEDING**

      Plaintiff Kyle Uecker filed the Complaint in this adversary proceeding seeking to have a $38,859.45 state court judgment on a defamation claim determined to be non-dischargeable under 11 U.S.C. § 523(a)(6). The question before the Court is whether this adversary proceeding must be dismissed as untimely. For the reasons that follow, the Court dismisses this adversary proceeding because the Complaint was filed one day after the deadline established in Federal Rule of Bankruptcy Procedure 4007(c), the Plaintiff did not move to extend the time to file the Complaint before the deadline expired as required by that same rule, and Federal Rule of Bankruptcy Procedure 9006 precludes the Court from extending the deadline stated in Rule 4007(c) based upon "excusable neglect."

      In September 2018, the Plaintiff filed an action for defamation against the Debtor in state court. After trial, the Plaintiff obtained a judgment on his defamation claim against the Debtor in

the amount of $38,859.45.  The judgment was entered and docketed in state court in January 2020.

The Debtor filed a Chapter 7 bankruptcy case on September 10, 2023.  The Clerk entered a Notice of Chapter 7 Bankruptcy Case on September 11, 2023.  The Notice stated that the Debtor's § 341 meeting of creditors would be held on October 10, 2023.  It further stated that the deadline to object to discharge or to challenge whether certain debts are dischargeable was December 11, 2023.  The Bankruptcy Noticing Center certified that it sent a copy of the Notice to the Plaintiff and to the law firm that represented the Plaintiff in the state court litigation on September 13, 2023.  The Plaintiff retained counsel to file an adversary proceeding on or about October 18, 2023.  *See* Affidavit of Plaintiff's Counsel, Docket No. 9 ¶ 3.

The day after the deadline for filing a complaint, on December 12, 2023, the Plaintiff filed his Complaint commencing this adversary proceeding.  In the Complaint, the Plaintiff asserts that the debt owed by the Debtor to him as provided in the state court judgment should be excepted from the Debtor's discharge under 11 U.S.C. § 523(a)(6) because the debt is "for willful and malicious injury by the debtor."

The Debtor filed an "Answer and Motion to Dismiss Complaint," arguing that the Plaintiff failed to file his § 523 Complaint in a timely manner and thus the claims should be barred.  The Plaintiff responded by filing (1) a brief in opposition to the request for dismissal; (2) an affidavit from Plaintiff's counsel describing the events resulting in the untimely filing of the Complaint; and (3) a Motion to Enlarge Time to File Adversary Complaint.

The Plaintiff has requested dismissal of this adversary proceeding under Federal Rule of Bankruptcy Procedure 4004.  That rule establishes the deadline for filing a complaint "objecting to the debtor's discharge" under § 727 of the Bankruptcy Code.  The Complaint in this adversary proceeding does not request that the Court deny the Debtor's entire discharge.  It is limited to a request that the Court except a particular debt from discharge under § 523(a)(6).  Rule 4004 does not govern the deadline for filing the Complaint in this case.  Rule 4007 does.  "Under Bankruptcy Rule 4007(c), essentially the same time prescriptions apply to complaints targeting the discharge of a particular debt pursuant to 11 U.S.C. § 523(c)" as apply to complaints objecting to a debtor's entire discharge.  *See Kontrick v. Ryan*, 540 U.S. 443, 448 n.3 (2004).  As a result, the Court will address the Plaintiff's request for dismissal under Bankruptcy Rule 4007.

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure states that "a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)."

The Plaintiff's Complaint in this case seeks to determine the dischargeability of a debt under § 523(c).  The first date set for the § 341 meeting of creditors was October 10, 2023.  60 days after that date was Saturday, December 9, 2023.  However, time periods cannot end on a Saturday, so the deadline to file a complaint to determine the dischargeability of a debt was

Monday, December 11, 2023.  *See* Fed. R. Bankr. P. 9006(a)(1).  The Plaintiff filed his Complaint in this adversary proceeding on December 12, 2023.  The Plaintiff's Complaint was filed late, having been filed one day after the deadline established by Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Rule 4007(c) permits the Court to extend the time period for filing a complaint to determine the dischargeability of a debt for "cause," but only if the motion to extend time is filed before the deadline for filing such a complaint expires.  *See* Fed. R. Bankr. P. 4007(c) ("On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired.").

In this case, the Plaintiff did not file a motion to extend time to file a complaint to determine the dischargeability of a debt before the December 11, 2023 deadline for filing such a complaint expired as required by Rule 4007(c).  Two months after the deadline for filing such a motion, on February 12, 2024, the Plaintiff filed a motion to enlarge the time to file the Complaint in this adversary proceeding.  The motion to enlarge time is untimely and must be denied pursuant to the express language of Rule 4007(c).

The Plaintiff invokes Rule 9006(b) and argues that the Court can extend the time to file the Complaint if the Plaintiff can show that the untimely filing of the Complaint is the result of "excusable neglect" on the part of Plaintiff's counsel.  Rule 9006(b)(1) permits an enlargement of time after a deadline has passed "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1); *see also Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  In support of the Plaintiff's excusable neglect argument, Plaintiff's counsel has filed an Affidavit that outlines a number of personal issues that she experienced from the time that she was retained to file the Complaint on or about October 18, 2023 until the late-filing of the Complaint on December 12, 2023.

The problem with the Plaintiff's excusable neglect argument is that Rule 9006 precludes the Court from extending the deadline stated in Rule 4007(c) based upon "excusable neglect." Rule 9006(b)(1) generally authorizes the Court to extend certain expired deadlines where the failure to act was the result of excusable neglect.  Fed. R. Bankr. P. 9006(b)(1).  That authority is limited by Rule 9006(b)(3) which states that the court may enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated in [ Rule 4007(c).]"  Fed. R. Bankr. P. 9006(b)(3).  Rule 4007(c) only permits the Court to extend the time period for filing a complaint to determine the dischargeability of a debt if the motion to extend time is filed before the deadline for filing such a complaint expires.  *See* Fed. R. Bankr. P. 4007(c).  The usual "excusable neglect" standard does not apply to the deadline set by Rule 4007(c).  As a result, the Court can only extend the time to file a complaint to determine dischargeability of debt under § 523(a)(6) "[o]n motion of a party in interest" that is "filed before the time has expired."  Fed. R. Bankr. P. 4007(c).  The Plaintiff did not file the motion to extend time to file the Complaint in this case before the deadline expired.  Therefore, the Complaint is late and must be dismissed.

Perhaps there is an argument that "equitable tolling" permits this case to continue despite the late-filed Complaint. As noted by the Seventh Circuit,

> Although there is an important interest in limiting the time in which the dischargeability of debts can be challenged in order to ensure that debtors are not 'harassed by creditors after their claims have been discharged in bankruptcy,' we do not think that it is at all evident that Congress intended to limit the authority of the bankruptcy court so rigidly as to preclude all relief from the time constraints of [Rule 4004 or Rule 4007].

*In re Kontrick*, 295 F.3d 724, 731-32 (7th Cir. 2002), *aff'd*, *Kontrick v. Ryan*, 540 U.S. 443 (2004).[1]

This Court need not reach the question of whether it can or should apply an equitable doctrine when no one has argued that such a doctrine permits the late filing of a complaint under Rule 4007. Due to the lack of argument, the Court would be justified in simply applying the deadline for filing a complaint to determine the dischargeability of a debt as stated in Rule 4007(c) as opposed to using any purported discretion to apply an equitable doctrine.

That said, nothing in the record shows an equitable basis for tolling the filing deadline stated in Rule 4007. The Plaintiff does not argue that he had insufficient notice of this bankruptcy case. To the contrary, he clearly had sufficient actual notice of the bankruptcy case because he retained counsel to file this adversary proceeding on or about October 18, 2023, well before the December 11, 2023 deadline to file a complaint. *See* Affidavit ¶ 3.

There are no allegations that the Court gave an inaccurate notice of the deadline to file the Complaint. The record reflects that the Court complied with all of the provisions of the Bankruptcy Rules governing notice of the deadline to file the Complaint. Rule 4007(c) requires a complaint to determine the dischargeability of debt to be filed no later than 60 days after the first date set for the meeting of creditors. The Court properly stated in the Notice of Chapter 7 Bankruptcy Case that the deadline to challenge whether certain debts are dischargeable was December 11, 2023. This date was 60 days after the first date set for the meeting of creditors as required by Rule 4007(c).

---

[1] On appeal, the United States Supreme Court affirmed the Seventh Circuit's decision that "a debtor forfeits the right to rely on Rule 4004 [and the time limit stated therein for a creditor to file an objection to discharge] if the debtor does not raise the Rule's time limitation before the bankruptcy court reaches the merits of the creditor's objection to discharge." *Kontrick*, 540 U.S. at 447. The United States Supreme Court expressly declined to rule on whether equitable principles permit the bankruptcy court to extend the deadlines under Rule 4004 or 4007 because the creditor did not claim any equitable grounds for enlarging or extending the deadline. *Id.* at 457 ("Whether the Rules, despite their strict limitations, could be softened on equitable grounds is therefore a question we do not reach.").

There are no allegations that the Court gave untimely notice of the deadline to file a complaint. Rule 4007(c) provides that the Court is required to give all creditors no less than 30 days' notice of the deadline to file a complaint to determine the dischargeability of a debt. The Bankruptcy Noticing Center certified that it sent a copy of the Notice of Chapter 7 Bankruptcy Case to the Plaintiff and to the law firm that represented the Plaintiff in the state court litigation on September 13, 2023. The Plaintiff was provided with more than 30 days' notice of the December 11, 2023 deadline to file a complaint to determine the dischargeability of a debt.

There are no allegations that the Court failed to provide notice to the Plaintiff of the deadline to file the Complaint. Rule 2002 of the Federal Rules of Bankruptcy Procedure provides that the Court is required to provide notice of the deadline to file a complaint to determine the dischargeability of a debt by mail and addressed to the creditor's address as listed by the debtor, unless the creditor has given a different address in a request filed with the Court. *See* Fed. R. Bankr. P. 2002(f)-(g). The Bankruptcy Noticing Center's certificate of notice shows that the Notice of Chapter 7 Bankruptcy Case and the deadline for filing a complaint to determine the dischargeability of a debt stated therein was properly sent by mail to the addresses for the Plaintiff and the law firm that represented the Plaintiff in the state court litigation as required by Rule 2002.

The purpose of Rule 4007(c) and its underlying deadline for filing a complaint to determine the dischargeability of a debt is to further the prompt administration of the bankruptcy estate, to expeditiously and definitively resolve the question of dischargeability, to protect the "fresh start" objective of the Bankruptcy Code, and to permit the debtor to "enjoy finality and certainty of relief" from financial distress as quickly as possible. *See Kontrick*, 295 F.3d at 732. The Court is certainly sympathetic to the fact that Plaintiff's counsel was at the hospital caring for her brother the day the Complaint was due and she miscalendared the deadline for filing the Complaint. This is not sufficient to equitably toll the deadline for filing a complaint to determine the dischargeability of a debt in this case and defeat the purpose that Rule 4007(c) serves. There are no allegations that the Plaintiff was unaware he had a cause of action against the Plaintiff before the filing deadline. There are no allegations that the Plaintiff lacked notice of this case or the deadline for filing the Complaint. There are no allegations that the Court gave insufficient or inaccurate notice of the deadline to file the Complaint. There are no allegations that the Debtor failed to list the Plaintiff on his schedules thereby preventing the Plaintiff from receiving notice of this case and timely filing the Complaint. There are no allegations that the Court failed to provide notice to the Plaintiff of the deadline to file the Complaint. There are no allegations that the Debtor tricked the Plaintiff into letting the deadline pass. There are no allegations that the filing deadline was fraudulently concealed. The record fails to demonstrate any equitable basis for avoiding or tolling the filing deadline.

The Court finds that the Plaintiff failed to timely file the Complaint or to timely seek an extension of time to file the Complaint under Rule 4007(c). The Court grants the Debtor's request for dismissal of the Complaint with prejudice.

IT IS THEREFORE ORDERED:  the Plaintiff's Motion to Enlarge Time to File Adversary Complaint is denied.

IT IS FURTHER ORDERED:  this adversary proceeding is dismissed.

IT IS FURTHER ORDERED:  the Clerk shall enter judgment accordingly.

#####